983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
GILDARDO G, Defendant-Appellant.
 No. 92-10160.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided Jan. 4, 1993.
 
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Defendant Gildardo G. challenges the district court's denial of his pretrial motion to dismiss based on outrageous conduct by the government. This court has jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1294. We affirm.
 
 FACTS
 
 3
 On July 15, 1991, U.S. Border Patrol agents arrested the defendant Gildardo G. after observing a vehicle cross into the United States through a hole in the international border fence. Gildardo was driving the vehicle in which another juvenile was a passenger. Agents discovered a considerable quantity of marijuana concealed in the vehicle, and the defendant was charged with an act of juvenile delinquency pursuant to 18 U.S.C. § 5037.
 
 
 4
 Following his arrest, Gildardo had two encounters with law enforcement officials, which he claims constituted outrageous government conduct justifying the dismissal of the criminal charges against him. The first incident occurred on or about August 13, 1991. Gildardo testified that on that date, while he was out looking for work, two Border Patrol agents stopped him and asked to see his border card. He indicated that his card had been taken away at the time of his arrest, and he allegedly offered to show the agents his copy of documents indicating he had been released pending trial. Gildardo maintains that he also had in his possession a second envelope addressed to his attorney, which he was going to mail. He alleges that one of the agents grabbed this second envelope, opened it, and read the document. The document in the envelope was a signed waiver of Gildardo's speedy trial rights. Gildardo also alleges that he was stopped later that day by another Border Patrol agent, who asked to see his border card and wanted to know if he was going to "cross over some marijuana." The testimony of the government agents contradicted Gildardo's in many respects, and the testimony of Gildardo's own corroborating witnesses was inconsistent. The district court made no findings of fact as to what happened on August 13th, but concluded that even if everything occurred exactly as Gildardo alleged, there had been no outrageous government conduct.
 
 
 5
 The second incident occurred on or about September 24, 1991. Gildardo's mother testified that on that date law enforcement officials "raided" her home. She testified that they had no papers when they appeared and that they had guns in their hands. She acknowledged that she was shown a badge and that one of the officers did identify the group. Gildardo was arrested and held until $210 in outstanding traffic tickets were paid the next day. Gildardo argues that the raid was designed to intimidate family members, who were testifying in his behalf at a hearing on the motion to dismiss for outrageous government conduct. In fact, his family members had already testified at the hearing on the previous day. Moreover, the district court found that whatever happened at the defendant's residence on September 24th had not been tied to the DEA or to the Border Patrol in any way, and Gildardo could do nothing about it in this proceeding. In fact, the only evidence tying either of these agencies to the raid, which was undertaken by the Nogales Police Department, was the fact that the DEA agent in charge of Gildardo's case had worked for the Nogales Police Department some years previous. DEA and the Border Patrol offered evidence supporting their contention that they did not participate in the raid.
 
 
 6
 After listening to the testimony, the district court denied the motion to dismiss based on outrageous conduct by the government. Gildardo appeals.
 
 STANDARD OF REVIEW
 
 7
 Because a denial of a motion to dismiss based on outrageous conduct presents a question of law, we review the district court's determination de novo. United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir.1991), cert. denied, 113 S.Ct. 417 (1992); United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). The factual findings that support the lower court's decision are reviewed for clear error. Barrera-Moreno, 951 F.2d at 1091.
 
 DISCUSSION
 
 8
 Outrageous conduct by federal agents may justify the dismissal of criminal charges against a defendant when the conduct " 'is so grossly shocking and so outrageous as to violate the universal sense of justice.' " United States v. Pemberton, 853 F.2d 730, 735 (9th Cir.1988) (citations omitted). This court has stated that the "[g]overnment's involvement must be malum in se or amount to the engineering and direction of the criminal enterprise from start to finish." Smith, 924 F.2d at 897. "In short, a defendant must meet an extremely high standard." Id.
 
 
 9
 Here, Gildardo argues that the two incidents outlined above combine to create outrageous government conduct in his case. We disagree. While the district court was unable to conclude exactly what happened with Border Patrol agents on August 13th, we will assume that everything occurred on that date just as Gildardo alleges. As for the "raid" incident, the district court concluded that there was absolutely no indication that the federal government or any federal agents participated in the September 24th raid on Gildardo's Nogales home. Because nothing in the record indicates that this conclusion was clearly erroneous, we need not consider the raid in our decision here.
 
 
 10
 The law compels us to conclude that Gildardo has failed to establish outrageous conduct on the government's part. Certainly, it cannot be said that the government engineered or directed the criminal enterprise in this case from start to finish. The defendant has simply failed to make any showing that any government conduct rises to the level of outrageous conduct justifying a dismissal of his criminal charges. Indeed, even were we to assume that the September 24th raid involved the DEA and the Border Patrol, it would be difficult to say that the government acted outrageously.
 
 CONCLUSION
 
 11
 Accordingly, the district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3